FILED
NOV 29 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | MO-07-CR-119 |
| CRYSTAL MUNOZ, Defendant. | § § | |

## ORDER OVERRULING DEFENDANT'S MOTION FOR POST-VERDICT JUDGMENT OF ACQUITTAL (RULE 29)

Before the Court is Defendant's Motion for Post-Verdict Judgment of Acquittal (Rule 29) (Doc. 258), filed November 9, 2007. In her Motion, Defendant argues that the trial evidence presented was factually and legally insufficient to prove beyond a reasonable doubt that the defendant possessed with intent to distribute a controlled substance.

A motion for judgment of acquittal "challenges the sufficiency of the evidence to convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir.1998) (citing Fed.R.Crim.P. 29(a)), *cert. denied*, 526 U.S. 1043 (1999). The standard of review for a motion for judgment of acquittal is whether, "reviewed in the light most favorable to the government, drawing all reasonable inferences in support of the verdict," "a reasonable jury could find that the evidence establishes the guilt of the defendant beyond a reasonable doubt." *United States v. Pennington*, 20 F.3d 593, 597 (5th Cir.1994). In other words, "[t]he only question is whether a rational jury could have found each essential element of the offense beyond a reasonable doubt." *Id.* The court does not assess the credibility of witnesses or weigh the evidence, since the jury "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *United States v. Loe*, 262 F.3d

427, 432 (5th Cir.2001), *cert. denied,* 534 U.S. 1134 (2002); *see also United States v. Molinar-Apodaca,* 889 F.2d 1417, 1423 (5th Cir.1989). If the evidence "viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence," then reversal is required. *Pennington,* 20 F.3d at 597. The jury "is free to choose among all reasonable constructions of the evidence," and "it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Williams,* 264 F.3d 561, 576 (5th Cir.2001) (quotations and citations omitted).

The Court finds that, in reviewing the evidence in the light most favorable to the government, and drawing all reasonable inferences in support of the verdict, a reasonable jury could find that the evidence establishes the guilt of Defendant Munoz beyond a reasonable doubt. Accordingly, the Court respectfully overrules Defendant's Motion for Post-Verdict Judgment of Acquittal pursuant to Rule 29.

**IT IS SO ORDERED.**

SIGNED on this 29 day of **NOVEMBER, 2007**.

_____
ROBERT JUNELL
United States District Judge
Western District of Texas