IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | MO-07-CR-119 |
| CRYSTAL MUNOZ,<br>Defendant. | § § § | |

### ORDER OVERRULING DEFENDANT'S
### MOTION FOR NEW TRIAL (RULE 33)

Before the Court is Defendant's Motion for New Trial (Rule 33) (Doc. 259), filed November 9, 2007. In her Motion, the Defendant makes a motion for new trial, arguing the trial testimony and evidence presented was factually and legally insufficient to support a verdict of guilty beyond a reasonable doubt.

A district court may grant a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33(a). "A motion for a new trial is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial .... should be invoked only in exceptional cases...." *United States v. Sipe*, 388 F.3d 471, 493 (5th Cir.2004) (citation omitted). In determining whether to grant the motion, the district court must carefully "weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial," but must not entirely usurp the jury's function, or simply set aside a jury's verdict because it runs counter to result the district court believed was more appropriate. *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (citations omitted).

Setting aside a jury's guilty verdict in the interests of justice may be appropriate under circumstances where the evidence brought forth at trial may tangentially support a guilty verdict, but in actuality, "preponderates sufficiently heavily against the verdict such that a miscarriage of justice may have occurred." *Tarango*, 396 F.3d at 672 (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir.1980)). Similarly, while vested with discretion to grant a new trial pursuant to Rule 33 if necessary in accordance with the interests of justice, we have observed that this power should be exercised infrequently by district courts, unless warranted by "exceptional" circumstances. *Tarango*, 396 F.3d at 672; *see also United States v. Scroggins*, 379 F.3d 233, 239 (5th Cir.2004), *United States v. Sinclair*, 438 F.2d 50, 51 n. 1 (5th Cir.1971).

The Court finds that the Defendant has failed to show that the interests of justice require a new trial as to Count One on which the jury returned a guilty verdict. Consequently, Defendant Munoz is not entitled to a new trial.

Accordingly, the Court respectfully overrules Defendant's Motion for New Trial (Doc. 259) pursuant to Rule 33.

**IT IS SO ORDERED.**

SIGNED on this __30__ day of **NOVEMBER, 2007**.

ROBERT JUNELL
United States District Judge
Western District of Texas