UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. MO-07-CR-119 |
| | ) | MO-10-CV-044 |
| CRYSTAL MUNOZ | ) | |

GOVERNMENT'S RESPONSE TO MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The United States of America, by and through the United States Attorney for the Western District of Texas, files this response to defendant CRYSTAL MUNOZ's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to Title 28, United States Code, Section 2255, and states that it should, in all things, be denied.

BACKGROUND

On October 31, 2007, Movant was found guilty of *Conspiracy to Possess with Intent to Distribute 1000 Kilograms or More of Marihuana*.[1] Movant's trial counsel filed a *Motion for Post-Verdict Judgment of Acquittal* on November 9, 2007, which the Court denied on November 29, 2007. Movant's counsel also filed numerous objections to the Presentence Investigation Report (PSI), which had calculated her guidelines at a level 40, Criminal History category IV, and a guideline range of 360 months to life imprisonment. Movant's counsel was successful on several objections, and the guideline range was adjusted acordingly to a level 36, category III range of 235 - 293 months. Movant was sentenced to to 235 months of incarceration on January 24, 2008. Movant filed a direct appeal of her

---

[1] She was the eighth defendant listed in an indictment of 10 people, and was the only one to go to trial.

conviction, which the Fifth Circuit subsequently affirmed in an unpublished opinion in *United States v. Munoz*, No. 08-50116, (5th Cir. Nov. 18, 2009). Movant timely filed this Motion under 28 U.S.C. §2255.

## ISSUES

Movant claims eight instances of ineffective assistance of counsel in her §2255 motion. Movant contends that she received ineffective assistance of counsel for the following reasons:

(A) "Counsel failed to effectively argue lacking evidence as to agreement to conspire to possess and distribute controlled substances,"

(B) "Counsel failed to cross-examine witnesses to determine credibility and using methods of impeachment,"

(C) "Counsel failed to do a thorough and complete Pretrial investigation, resulting in a failure to file a successful motion to suppress evidence, due to a conviction obtained by use of coerced confession and violation of the privilege against self incrimination,"

(D) "Counsel failed to object to unlawful amendment of indictment,"

(E) "Counsel failed to present a variance between investigating report and trial testimony,"

(F) "Appeal counsel failed to raise these issues on appeal and to raise issues trial counsel left to raise on appeal,"

(G) "Counsel failed to argue effectively the enhancements and failed to object to government's denial of acceptance of responsibility,"

(H) "Failed to present to court the variance between defendants statements and actual report made regarding those statements."

Movant was represented by Dan Wade up to and including her trial and sentencing, and by Jason Leach on appeal.

### ARGUMENTS AND AUTHORITIES

Title 28 U.S.C. §2255 provides relief for a federal prisoner who can establish either: (1) his sentence was imposed in violation of the Constitution or the laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255; *see also United States v. Placente*, 81 F.3d 555,585 (5th Cir. 1996); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

Relief under Title 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal. *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). The Fifth Circuit has repeatedly held that a convicted criminal defendant may not raise an issue, either constitutional or jurisdictional, for the first time in a §2255 motion, without showing either cause and actual prejudice resulting from the error or that a complete miscarriage of justice will result if the issues are left unaddressed. *See Gaudet*, 81 F.3d at 589; *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)(enbanc), *cert. denied*, 502 U.S. 1076 (1992).

*Ineffective Assistance of Counsel Standard*

One claim the Fifth Circuit recognizes as satisfying the "cause" and "actual prejudice" standard is ineffective assistance by Movant's trial or appellate counsel. *Gaudet*, 81 F.3d at 589; *Acklen*, 47 F.3d at 742. The Supreme Court announced the constitutional standard for determining whether a criminal defendant has been denied the effective assistance of counsel in *Strickland v. Washington*, 466 U.S. 688 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Id*. at 686; *see also Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). To facilitate this inquiry, the Supreme Court established a two-prong test.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

A convicted defendant must show that counsel's representation fell below an objective standard of reasonableness. *See id*. at 687-88. Judicial scrutiny of counsel's performance must be highly deferential. *Id*. at 690. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight. *Id*. at 689. A court must indulge a strong presumption that counsel's conduct falls within the wide range fo reasonable professional assistance. *Id*. at 689. The court should recognize that counsel is

4

strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id*. at 690.

An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id*. at 691. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Id*. at 692.

Even if a defendant shows that particular errors were unreasonable, the defendant must show that they actually had an adverse effect on the defense. *Id.* at 693. It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. *Strickland*, 466 U.S. at 693. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result o the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine the confidence in the outcome. *Id*. at 695.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under the test makes it unnecessary to examine the other prong. *Id*. at 700; *Seyfert*, 67 F.3d at 547. Therefore, a failure to establish that counsel's performance fell below an objective standard of reasonableness avoids the need to consider the issue of prejudice. *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990). It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992). Further, mere conclusory allegations in support

5

of claims of ineffective assistance fo counsel are insufficient, as a matter of law, to raise a constitutional issue. *Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994).

In summary, to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and that (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

### MOVANT'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

#### A. "Counsel failed to effectively argue (lack of) evidence..."

Movant claims in her §2255 motion that her counsel failed to argue that the evidence was lacking as to her agreement in the conspiracy. As counsel Dan Wade essentially says in his affidavit attached hereto, the record speaks for itself. Mr. Wade cross-examined every witness and argued at length the very issue that Movant claims herein: that there was not sufficient evidence to convict his client. The jury simply did not believe Movant's version and believed the witnesses.

#### B. "Counsel failed to cross-examine witnesses to determine credibility and (use) methods of impeachment."

Movant is incorrect in suggesting that Movant did not cross-examine witnesses. Again, as Mr. Wade points out in his affidavit, the record addresses this issue. As to the issue of whether or not Mr. Wade was allowed to fully question witnesses about their motive for testifying, Movant has raised this issue with the 5th Circuit, who determined that there was no error by the Court, and any error would be harmless regardless. As the 5th circuit has stated, the jury heard the witnesses' motivation to testify during their direct examination and

any error would be harmless *"because the evidence as a whole was overwhelming with respect to Munoz's guilt."* (emphasis added). Movant was not ineffective in his cross-examination of the cooperating witnesses at trial.

### C. "Counsel failed to do a thorough and complete Pretrial investigation, resulting in a failure to file a successful motion to suppress evidence, due to a conviction obtained by use of coerced confession and violation of the privilege against self incrimination."

Movant's trial counsel explains in his affidavit that he investigated Movant's case to the point that he was nearly arrested, literally.[2] Movant not only reviewed countless pages of discovery and the recorded interview of the Movant, but also drove several hours to the checkpoint in question itself to investigate the claims made by the government against his client. Movant was certainly not ineffective in his investigation of the case.

### D. "Counsel failed to object to unlawful amendment of indictment."

The government indicted Movant and her nine co-defendants for conspiring to possess with intent to distribute controlled substances, then named three substances that were involved. At trial, the government pursued the marihuana prong only as to Movant since her involvement dealt with the smuggling of marihuana and not other aspects involving cocaine and cocaine base. Movant attempts to equate abandoning a portion of the indictment - the cocaine and cocaine base allegations - with *amending* the indictment. Movant's counsel did not object because he understands the difference, and the Fifth Circuit has repeatedly stated that attorneys are not required to make futile motions or objections. *United States v. Koch*,

---

[2] Mr. Wade went to the check point that is drawn in the map admittedly authored by Munoz, and was detained by Border Patrol agents and taken to the check point while trying to literally re-trace the path drawn by Munoz which circumvented the checkpoint via dirt roads.

7

907 F.2d 524, 527 (5th Cir. 1990); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984).

### E. "Counsel failed to present a variance between investigating report and trial testimony."

Movant's counsel was provided with reports or statements given or summaries of interviews for the witnesses, and did in fact question witnesses at length about discrepancies, however minor or irrelevant, between their testimony and any reports or prior versions they had given. As his affidavit states, the trial record addresses this issue.

### F. "Appeal counsel failed to raise these issues on appeal and to raise issues trial counsel left to raise on appeal."

The affidavit of Movant's appellant attorney, Jason Leach, is also attached, and Mr. Leach explains that he filed the only point of appeal that he felt was meritorious and appropriate for direct appeal: the issue of trial counsel Wade's cross-examination regarding the cooperating witnesses' motives for testifying. Movant's appellate counsel therefore appealed the issue, the claim was fully litigated by competent appellate counsel, and the 5th Circuit simply overruled her claim. In his affidavit, Mr. Leach goes on to note that Mr. Wade's performance certainly contradicts the Movant's claims regarding trial counsel's performance from his (Leach's) review of the record.

### G. "Counsel failed to argue effectively the enhancements and failed to object to government's denial of acceptance of responsibility."

Movant is incorrect in stating that Movant's counsel failed to effectively argue "the enhancements." As stated previously, Movant's counsel filed numerous objections to the PSI, and successfully argued the reduction of the recommended sentencing guideline range from 360 months to life, down to 235 to 293 months. Movant's counsel successfully reduced

8

Movant's suggested guideline level by 4 and reduced Movant from criminal history category 4 to category 3. Movant's trial counsel saved the defendant *more than 10 years incarceration* as she received the minimum sentence in the successfully-litigated range. Movant is correct that Movant failed to object to the denial of acceptance of responsibility, but, given that Movant went to jury trial and fought the accusations vehemently (and still does), that objection would have been frivolous and counsel is not required to make futile motions or objections. *Koch*, at 527.

### H. "Failed to present to court the variance between defendants statements and actual report made regarding those statements."

Movant's counsel scrutinized the discovery, including the Movant's recorded interview and researched the availability of any suppression issues. (See attached affidavit.) Movant cross-examined agents about Movant's interview statements and variances in testimony, however small and irrelevant, at length during trial. Furthermore, counsel explored the idea of suppression as he states in the affidavit that Movant voluntarily went to be interviewed, against her husband's advice and despite her claims of coercion and involuntariness. And as Movant's counsel further notes in his affidavit, Movant's interview was damning.

### Conclusion

In summary, Movant was given competent counsel that thoroughly investigated the facts of the case beforehand, and tried the case as well as could be expected given the overwhelming evidence against her. Competent counsel also argued the only meritorious point of error he found in his review of the record. Her 2255 claims in her pleadings

9

repeatedly state that counsel failed to *"argue effectively"* various issues. This implies that since her counsel was unsuccessful in getting her acquitted of the charges, that they were ineffective. That impossible standard - *successfully* defending a client in the face of (as the 5th Circuit cited) *overwhelming* evidence - is not the standard in determining ineffective assistance of counsel. Counsel for Movant's affidavit sums up the Movant's position perfectly when he says, "Ms. Munoz voluntarily admitted drawing the map, identified key players, and staying at Longoria's house in Ojinaga, Mexico in her interview. *Ms. Munoz is desperate but she was fully apprised* of the fact that her interview was damning to her case." (Emphasis added.)

    Wherefore, the United States prays that Movant's motion be in all things denied.

                                  Respectfully submitted,

                                  JOHN E. MURPHY
                                UNITED STATES ATTORNEY

            By:   /s/ JEFF PARRAS
                    JEFF PARRAS
                    Assistant U. S. Attorney
                    400 W. Illinois, Suite 1200
                    Midland, Texas 79701
                    (432) 686-4110

## CERTIFICATE OF SERVICE

    By signing above, I hereby certify that a copy of the foregoing document has been mailed to **Crystal Munoz, Register No. 79319-180, FMC-Carswell, P.O. Box 27137, Fort Worth, Texas 76127**, on this 29th day of September, 2010, as the incarcerated Movant cannot be served via electronic filing.

THE STATE OF TEXAS
COUNTY OF ECTOR

BEFORE ME, the undersigned authority, personally appeared Dan Wade known to me to be the person whose name is subscribed to this instrument, and having been by me duly sworn, upon oath deposes and states as follows:

"My name is Dan Wade. I am licensed in the Western District of Texas Federal Court to practice, and am fully competent and able to testify herein.

| | |
|---|---|
| Ground One: | Deny; I believe trial testimony as well as her own interview address the agreement issue. |
| Ground Two: | Deny; I did a thorough pretrial investigation to the point the Border Patrol in Marathon, Texas wanted me arrested. Ms. Munoz voluntarily went and did the interview with DEA even after her husband told her she did not have to go. I researched any and all suppression issues and found them all meritless. |
| Ground Three: | Deny; The trial record addresses this issue. |
| Ground Four: | Deny; I filed objections to PSR and prevailed on many. |

Ms. Munoz voluntarily admitted drawing the map, identified key players, and staying at Longoria's house in Ojinaga, Mexico in her interview. Ms. Munoz is desperate but she was fully apprised of the fact that her interview was damning to her case.

I am fully aware and competent of all the facts set forth in this affidavit, and am able to swear, as I do hereby swear, that all the said facts and statements contained in this affidavit are of my own personal knowledge true and correct.

Further, Affiant saith not.

_____
DAN WADE

SUBSCRIBED AND SWORN TO BEFORE ME this 22nd day of Sept, 2010.

_____
NOTARY PUBLIC,
STATE OF TEXAS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND ODESSA DIVISION

| | | |
|---|---|---|
| USA | § § | |
| vs. | § § | MO-10-CV-044 |
| CRYSTAL MUNOZ | | |

### AFFIDAVIT OF E. JASON LEACH, APPELLATE COUNSEL

"My name is Evers Jason Leach. I am an attorney licensed to practice in the State of Texas and have been so since November 1, 1996. I am board certified in Criminal Law by the Texas Board of Legal Specialization. I also have a license to practice law in the United States District Court for the Western District of Texas, United States Court of Appeals for the Fifth Circuit, and the United States Supreme Court.

I was appointed to represent applicant, Crystal Munoz, on her direct appeal following her conviction in the United States District Court for the Western District of Texas, Midland Division in Cause No. MO-07-CR-119. In the course of my representation of Ms. Munoz I reviewed the complete appellate record in her case. I then filed an appellate brief raising the only meritorious issue I believed existed on appeal. Following affirmation by the court of appeals, I informed Ms. Munoz of her remaining appellate rights in a letter dated November 19, 2008(see attached exhibit "A"). With respect to the remaining allegations alleged in Ms. Munoz's 2255 petition, I will address them in order.

1

First, I did not raise ineffective assistance on Mr. Wade. Ineffective assistance the counsel claims are rarely cognizable on direct appeal and it is the preferable course of proceedings to have those allegations raised through a writ of habeas corpus. Nevertheless, I saw nothing in the record that would rise to the level of ineffective assistance to be raised on direct appeal. Had I seen anything that presented an arguable claim of ineffective assistance of counsel on direct appeal I would have raised that issue.

Ms. Munoz states "counsel failed to effectively argue lacking evidence as to agreement to conspire to possess and distribute controlled substances." This allegation runs counter with what appeared to be Mr. Wade's complete trial strategy. From my review of the appellate record it appeared that Mr. Wade argued the lack of evidence as to any agreement to commit a conspiracy to possess and distribute controlled substances. I'm not certain what applicant is stating; nevertheless to the extent that she is raising the issue that he failed to "effectively" argue the "lacking evidence", that is something was not apparent in the record and thus not cognizable on direct appeal.

Next, she states that "counsel failed to cross examine witnesses to determine credibility and using methods of impeachment." This allegation is not supported by the record. In fact, the basis for the sole issue on her appeal was the limits placed on the cross examination by defense counsel by the trial court. Wade certainly tried to effectively cross examine the witnesses, including testing their credibility and attempting to impeach their testimony. Whether or not these examination were ultimately successful was not something I viewed as a viable issue on her direct appeal.

2

Munoz also alleges that "counsel failed to do a thorough and complete pretrial investigation, resulting in a failure to file a successful motion to suppress evidence, due to a conviction obtained by the use or coerced confession and violation against the privilege of self-incrimination." The failure to file a motion to suppress, even a "successful motion" does not appear to have been an issue that could have been raised on direct appeal. Any failure to file a motion to suppress would have to be addressed on 2255 and not in a direct appeal. Any trial counsel's "failure" to raise this issue constitutes the waiver of that issue for appellate purposes; but, in my opinion, and following a review of the appellate record, her chances of raising "successful" motion to suppress were slim, if not non-existent. Additionally, her complaint that "counsel failed to object to the unlawful amendment of the indictment" is not supported by the record; had there been any unlawful amendment that had been objected to that is an issue that could have been raised on direct appeal.

Finally her claim that "counsel failed to present variance between investigating report and trial testimony" is completely contradicted by the trial transcript in this matter. Trial counsel repeatedly tried to point out discrepancies between the reports, investigators testimony, co-defendant's testimony and statements, and the resulting trial testimony. Any allegation that trial counsel failed to present a variance between investigating reports and trial testimony is not supported in the record.

3

As addressed immediately above, Munoz's claims that "appeal counsel failed to raise these issues on appeal and to raise issues trial counsel left to raise on appeal" is not supported by the record. I was unable to raise any issue that was not addressed at trial either by a pretrial motion or an objection at trial. Therefore, I was left to analyze the case based upon the appellate record before me. My review of the record indicated only one legitimate avenue for appellate relief and that issue was raised, although ultimately denied by the United States Court of Appeals for the Fifth Circuit.

### VERIFICATION

**STATE OF TEXAS** §
§
**COUNTY OF ECTOR** §

ON THIS DAY personally appeared E. Jason Leach, who, after being placed under oath, stated the following:

"My name is E. Jason Leach and I am the attorney of record on direct appeal for Crystal Munoz. I have read the foregoing affidavit and every statement is within my personal knowledge and is true and correct."

_____
E. Jason Leach

Sworn to and subscribed before me on September 29, 2010.

ILEANA RUBIO
Notary Public, State of Texas
My Commission Exp. 11-10-2010

_____
NOTARY PUBLIC

4




**LAW OFFICE OF E. JASON LEACH**

**BOARD CERTIFIED-CRIMINAL LAW**
Texas Board of Legal Specialization

3800 E. 42nd Street, Suite 605
Odessa, Texas 79762

T 432.552.7000
F 432.366.5000
ejl@ejasonleach.com

*Exhibit "A"*

November 19, 2008

Crystal Munoz #79319-180
FMC Carswell
Federal Medical Center
P.O. Box 27137
Fort Worth Texas 76127

RE: NO. 08-50116 USA V. MUNOZ
     USDC NO. 7:07-CR-119-8

Dear Mrs. Munoz:

Enclosed is an opinion of the Court of Appeals that affirms your conviction. This opinion effectively ends your appeal. You can file a writ of certiorari to United States Supreme Court, or request me to do so on your behalf. I don't see a viable avenue for certiorari, but I will continue to review this matter and would be pleased to file the certiorari petition for you. Please write me if you have any questions and to inform me if you wish for me to file a writ of certiorari with the United States Supreme Court. <u>I will not file this writ unless you direct me to do so</u>. The deadline to file your writ is February 16, 2009. Additionally, should you seek to challenge your conviction via a Federal Writ of Habeas Corpus, 28 U.S.C. 2255, your deadline for filing such document is February 16, 2010.

These deadlines are very important. Please contact me as soon as you can.

                                            Sincerely,

                                            E. Jason Leach

EJL/ir
encl.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. MO-07-CR-119** |
| | ) | **MO-10-CV-044** |
| **CRYSTAL MUNOZ** | ) | |

## ORDER

Came on to be considered Movant's *Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence*, and after careful consideration, it is determined by the Court that Movant's motion should be in all things DENIED.

So ORDERED.

SIGNED and ENTERED this the _____ day of _____, 2010.

_____
UNITED STATES DISTRICT JUDGE